**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| LINCOLN PRECISION MACHINING COMPANY, ) ) ) ) Plaintiff/Counterclaim-Defendant, ) ) v. ) ) LUG-ALL CORPORATION and ) TRANSOL CORPORATION, ) ) Defendants/Counterclaim-Plaintiffs. ) ) | Civil Action No. 08-40104-FDS |

**ORDER ON DEFENDANTS' SECOND MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(e), FED. R. CIV. P. OR IN THE ALTERNATIVE RELIEF FROM THE JUDGMENT PURSUANT TO FED. R. CIV. P. 60(a) AND (b)**

**SAYLOR, J.**

**I.   Background**

On July 30, 2010, defendants filed a motion for this Court to alter or amend the judgment entered on July 21, 2010. The Court granted the motion in part and issued an Order on August 16, 2010, modifying the judgment to "permanently [enjoin] Lincoln Precision Machining Company from further infringement of the registered trademark of Transol Corporation and the common-law trademark of Transol Corporation and Lug-All Corporation in the shape of the model 160 frame hoist." (Docket No. 177).

On August 18, 2010, defendants filed a second motion to alter or amend the judgment. In particular, defendants request that the Court issue an Order providing that: (1) Lincoln is enjoined from further infringing activities; (2) Lincoln is directed to deliver up for destruction "all hoist

frames, labels, signs, prints, packages, wrappers, pamphlets, brochures, receptacles, advertisements, and other written or printed material in its possession that bear defendants' infringed model 160 frame trademark . . . and all plates, molds, matrices, and other means of making the aforesaid materials;" (3) Lincoln is directed to file with the Court and serve upon defendants a report under oath setting forth the manner and form in which plaintiff has complied with the Order; and (4) Lincoln is permanently enjoined from using unfair methods of competition and deceptive trade practices, including those in connection with the advertisement or sale of defendants' model 160, 180, 650 hoist frame trademarks, and any other colorable imitation thereof, and from using any pictures thereof to imply or state that Lincoln is the owner of the trademarks or that they are associated with defendants.

For the reasons stated below, the motion will be granted in part and denied in part.

**II.    Analysis**

The first modification proposed by defendants is to enjoin Lincoln from further infringing activities. The Court's August 16 Order clearly so provides, and therefore the additional language would be repetitive.

The second proposed modification (which defendants also requested in their original motion to amend) is that plaintiffs be required to deliver up for destruction a number of tools, products, and goods associated with the infringed model 160 frame trademark. The Court declined to include this language in its August 16 Order and declines to do so today. Under the circumstances, it does not appear that such a sweeping order is needed. In fact, such an order may involve undue economic waste – for example, where metal forgings or castings could be melted down and formed into a non-infringing product. Obviously, if Lincoln produces or sells an

infringing product, a broader order may be necessary, but there does not appear to be any reason at present to expand the injunction to the extent requested.

The third proposed modification is that Lincoln submit a written report, signed under oath, setting forth the manner in which it has complied with the Court's Order. This does not appear to be necessary under the circumstances. The Court has no reason to believe at present that Lincoln will not comply with the Court's Order.

The fourth proposed modification is that Lincoln be permanently enjoined from using methods of unfair competition and deceptive trade practices in connection with the model 160, 180, and 650 hoist frames. Defendants submit that because the jury found that Lincoln had engaged in unfair competition, and it did not limit that finding to a specific model or models, it must have necessarily found that Lincoln engaged in unfair competition with all three frame models. (Docket No. 114 at 5).[1]

Defendants' interpretation of the jury's findings appears to be overbroad and requires a construction of the jury verdict that involves an potential inconsistency. Other than the element of harm, the elements required to make a claim for unfair competition and infringement on a common-law trademark are virtually identical (at least in the context of this case). The jury found that Lincoln had infringed upon defendants' common-law trademark of the model 160 hoist frame, but had not infringed upon their common-law trademark of the models 180 and 650 hoist frames. Therefore, the jury must have found that one of the three elements required to find infringement were not present with regard to the models 180 and 650 hoist frames. Because all

---

[1] The jury instructions use the term "symbol," defined as "the shape of the hoist frame," to define the object with which Lincoln was alleged to have unfairly competed. (Pl.'s Opp. Ex. B at 2).

3

three of those elements are also required for a finding of unfair competition, the jury could not have found that Lincoln committed unfair competition with regard to the models 180 and 650 frame hoists without creating an inconsistency. The Court must therefore assume that the jury found unfair competition with regard to only the model 160 hoist frame in order to avoid reading such inconsistencies into the verdict. Accordingly, defendants' request to modify the Order will be granted only with regard to the 160 model hoist.

Finally, defendants suggest that the August 16, 2010 order should be modified to apply not only to Lincoln Precision Manufacturing Company, but also to its "officers, agents, servants, employees, and attorneys and all persons in active concert or participation with it." The Court agrees that the suggested change is appropriate and therefore will incorporate that language into its Order.

### III.  Conclusion

For good cause shown, and in order to correct a clear error of the law and to prevent manifest injustice, the judgment entered on July 21, 2010, is hereby amended by adding the following language:

Lincoln Precision Machining Company is permanently enjoined from using in the conduct of its trade or business unfair methods of competition and deceptive trade practices, including use in connection with the advertisement, offering of sale, or sale of Lincoln's goods and/or services, defendants' model 160 hoist frame trademark and any other colorable imitation of that trademark.

This injunction shall apply to Lincoln Precision Machining Company, its officers, agents, servants, employees, and attorneys and all persons in active concert or participation with it.

**So Ordered.**

                                                              /s/ F. Dennis Saylor
                                                              F. Dennis Saylor IV
                                                              United States District Judge

Dated: September 20, 2010